**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

In re:

WALLACE NEAL,

       Case No. 2:15-bk-08888-FMD
       Chapter 13

     Debtor.

_____/

WALLACE NEAL,

     Plaintiff,

v.                          Adv. No.: 2:21-ap-00007-FMD

U.S. DEPARTMENT OF EDUCATION and
FEDLOAN SERVICING,

     Defendants.

_____/

**DEFENDANT UNITED STATES DEPARTMENT**
**OF EDUCATION'S ANSWER AND AFFIRMATIVE DEFENSES**

The United States of America, on behalf of Defendant U.S. Department of

Education ("Defandant"), hereby files its Answer and Affirmative Defenses to

*Plaintiff's Adversary Complaint to Determine Dischargeability of Education Loans Pursuant*

*to 11 U.S.C. § 523 (a)(8)* ("Complaint") (Doc. 1), and states as follows:

**PARTIES**

1.     Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations in paragraph 1.

2.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

3.      Defendant admits the allegations contained in paragraph 3.

4.      Defendant admits FedLoan Servicing is a servicer of loans held by the Department of Education.

## JURISDICTION AND VENUE

5.      Defendant admits the allegations contained in paragraph 5.

6.      Defendant admits the Court has jurisdiction over this adversary proceeding.

7.      Defendant admits the allegations contained in paragraph 7.

8.      Defendant admits the allegations contained in paragraph 8.

9.      Defendant admits the allegations contained in paragraph 9.

## FACTUAL AND PROCEDURAL BACKGROUND

*Historical Background*

10.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14.     Defendant admits that 11 U.S.C. § 523 does not define the term "undue hardship."

15.     Defendant admits courts in the Eleventh Circuit use the *Brunner* test to determine whether a debtor has demonstrated undue hardship.  The Defendant denies the remaining allegations contained in paragraph 15.

16.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

18.     Defendant admits the *Brunner* standard applies.  Defendant denies the remaining allegations contained in paragraph 18.

*Debtor's Bankruptcy*

19.     Defendant admits the allegations contained in paragraph 19.

20.     Defendant admits the allegations contained in paragraph 20.

21.     Defendant admits Debtor's schedule F listed loans, but denies they list the current balance.

22.     Defendant denies the allegations contained in paragraph 22.

23.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

24.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.

30.     Defendant denies the allegations contained in paragraph 30.

31.     Defendant denies the allegations contained in paragraph 31.

## CLAIMS FOR RELIEF

*Count I – Determination of Dischargeability*

32.     Defendant reincorporates its response to paragraphs 1 through 31.

33.     The allegations contained in paragraph 33 are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

34.     The allegations contained in paragraph 34 are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

35.     Paragraph 35 contains a prayer for relief to which no response is required.  To the extent a response is required, Defendant denies Debtor is entitled to relief.

## JURY DEMAND

36.     Defendant denies the Debtor is entitled to a jury trial.

The Paragraph beginning with WHEREFORE sets forth Plaintiff's prayer for relief, to which no response is required.  If a response is required, Defendant denies that Plaintiff is entitled to relief.

## GENERAL DENIAL

Defendant hereby specifically denies every allegation contained in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff seeks relief to which he is not entitled under the three-pronged test set forth in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987), each of which Plaintiff must prove in this adversary proceeding.

3.     Defendant offers various Income-Driven Repayment ("IDR") programs, including but not limited to the Income Based Repayment ("IBR") Program and the Revised Pay As You Earn ("REPAYE") program.  Accordingly, the United States asserts that the "good faith" test established in *Brunner* cannot be

met if Plaintiff either fails to avail himself of or fails to continue using these various income-driven repayment plans.

4.      Defendant hereby specifically reserves the right to plead or assert all other defenses, not currently known, or any other applicable federal statute that it learns may be applicable during discovery.

**WHEREFORE**, having fully answered the specific paragraphs of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief.

Respectfully submitted,

KARIN HOPPMANN
Acting United States Attorney


By:     */s/ David P. Sullivan*
DAVID P. SULLIVAN
Assistant United States Attorney
Florida Bar No. 0112226
400 North Tampa St., Suite 3200
Tampa, FL  33602
Telephone No. (813) 274-6000
Facsimile No. (813) 274-6198
E-mail: David.Sullivan3@usdoj.gov

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 29, 2021, a copy of the foregoing was

filed with the Court using the Court's CM/ECF filing system, which will send a

notice of electronic filing to the following:

> Joseph C. LoTempio, Esq.
> Counsel for Plaintiff
> jlotiempio@dellutrilawgroup.com

*/s/ David P. Sullivan*
DAVID P. SULLIVAN
Assistant United States Attorney
